UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SAM MALKANDI, ) | |
|                 Petitioner, ) | CASE NO.  C07-1858RSM |
| v. ) | ORDER DENYING PETITION FOR |
| MICHAEL B. MUKASEY, Attorney General, ) | WRIT OF HABEAS CORPUS |
| *et al.*, ) | |
|                 Respondents. ) | |

The Court, having reviewed petitioner's 28 U.S.C. § 2241 petition, all papers and exhibits in support and in opposition to that petition, the Report and Recommendation of the Honorable Monica J. Benton ("Judge Benton"), United States Magistrate Judge, and the remaining record, does hereby find and ORDER:

(1) The Court ADOPTS the Report and Recommendation with the following additional comments. The Court is not persuaded that Judge Benton erred in the underlying Report and Recommendation as Petitioner contends. The sole issue in Petitioner's writ of habeas corpus petition is whether this Court has the authority to release him from custody pursuant to the provisions of § 241(a) of the Immigration and Nationality Act ("INA"), as codified by 8 U.S.C. § 1231. The INA provides that "[e]xcept as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). The INA further provides that an alien ordered removed *may* be detained beyond the 90-day removal period.

ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS
PAGE - 1

01  8 U.S.C. § 1231(a)(6) (emphasis added).  Furthermore, the Supreme Court has expressly held

02  that although 8 U.S.C. § 1231(a)(6) does not provide for indefinite detention, it does create a

03  presumption that detention is valid for a period of six months.  *Zadyvdas v. Davis*, 533 U.S.

04  678, 701, 121 S.Ct. 2491 (2001).  Once this six-month period expires, an alien may be

05  eligible for release upon demonstrating "that there is no significant likelihood of removal in

06  the reasonably foreseeable future[.]"  *Id.* at 701.  The burden then shifts to the Government to

07  "respond with evidence sufficient to rebut that showing."  *Id*.

08        As a result, the only question for this Court to resolve is whether Petitioner has made

09  a showing that there is no significant likelihood of removal in the reasonably foreseeable

10  future, as both parties agree that the presumptively valid six-month period of detention has

11  expired.  Based on the record, the Court cannot find that Petitioner has met this burden.

12  Since February 15, 2007, the United States Government has engaged in communications with

13  the Iraqi Embassy in Washington, D.C. to secure travel documents necessary to effectuate

14  Petitioner's removal.  (Dkt. #16 at 5-7).  Petitioner nevertheless contends that removal is

15  unlikely because no such travel documents have been issued by the Iraqi Government, despite

16  Petitioner's alleged full compliance and cooperation with the United States Government.

17        However, Petitioner's arguments have been completely undermined by the

18  Declaration of Ben R. Maxwell ("Mr. Maxwell"), which was filed by Respondents in this

19  Court on March 25, 2008.  (Dkt. #22).  Mr. Maxwell, the Deportation Officer assigned to

20  Petitioner's case, indicated that he "received a travel document for [Petitioner] titled ONE

21  WAY LAISSEZ PASSER."  (*Id.* ¶ 5).  He further indicates that "[t]he document was issued

22  by the government of the Republic of Iraq.  The document is valid for a period of six

23  months."  Therefore it is unequivocally clear that Petitioner cannot now claim that his

24  removal is unlikely in the reasonably foreseeable future.

25        The Court also finds it worthwhile to address Petitioner's argument that Judge

26  Benton's Report and Recommendation "unfairly requires Petitioner to consent to deportation

01  despite having a colorable defense to deportation," and that it also "forces Petitioner to waive
02  any right to appeal any of these findings." (Dkt. #17 at 5). As Petitioner is fully aware, the
03  issue of whether Petitioner has a defense to deportation is currently pending before the
04  United States Court of Appeals for the Ninth Circuit.[1]  Furthermore, and as mentioned above,
05  the only issue in Petitioner's habeas petition in this Court is whether he should be released
06  from custody pursuant to the clear statutory import of 8 U.S.C. § 1231, and the holding of
07  *Zadvydas*, which interprets this statutory language. Therefore, the issue of whether
08  Petitioner has a colorable defense to deportation is outside the scope of Petitioner's habeas
09  petition, which seeks relief *only* "on the grounds that removal cannot be effectuated in the
10  foreseeable future." (Dkt. #1 at 2). Additionally, the Court finds that nothing in the language
11  of Judge Benton's Report and Recommendation indicates that Petitioner must waive his
12  rights to appeal. Accordingly, Petitioner's habeas petition is DENIED.
13      The Court will not, however, dismiss the case. As the Supreme Court noted in
14  *Zadvydas*, "as the period of prior postremoval confinement grows, what counts as the
15  'reasonably foreseeable future' conversely would have to shrink." *Zadvydas*, 533 U.S. at
16  701. Thus, if Petitioner is still in custody after the expiration of the travel document secured
17  from the Iraqi Government, the rationale behind denying Petitioner's habeas petition loses its
18  force. The Court will therefore retain jurisdiction over the action to ensure efficient
19  resolution of any and all future disputes, assuming that the Court possesses the requisite
20  jurisdiction to rule on the dispute. *See Singh v. Gonzales*, Case No. C06-500RSM (W.D.
21  Wash. July 14, 2006); *Athwal v. Ashcroft*, Case No. 02-1423RSL (W.D. Wash. Dec. 10,
22  2002); *Tan v. INS*, Case No. 02-122RSL (W.D. Wash. July 29, 2002).
23      (2) Respondents' Motion to Dismiss (Dkt. #5) is GRANTED IN PART, and
24  Petitioner's § 2241 habeas petition (Dkt. #1) is DENIED at this time.
25
26

---

[1] The Ninth Circuit will entertain oral arguments on this issue on April 9, 2008. *See* 06-73491.

01     (3)  This action WILL NOT BE DISMISSED.  In order to ensure the efficient

02 resolution of any future disputes, the Court will retain jurisdiction over the matter.

03 Respondents shall file a report on the status of Petitioner's removal <u>on or before September</u>

04 <u>25, 2008,</u> the approximate expiration date of Petitioner's "ONE WAY LAISSEZ PASSER."

05     (4)  The Clerk is directed to send copies of this Order to all counsel of record.

06     DATED this _2_ day of April, 2008.

               *[signature]*

               RICARDO S. MARTINEZ
               UNITED STATES DISTRICT JUDGE

ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS
PAGE - 4