UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SAM MALKANDI,<br><br>                Petitioner,<br><br>   v.<br><br>ERIC HOLDER, Attorney General of the United States, et al.,[1]<br><br>                Respondents. | Case No. C07-1858-RSM-BAT<br><br>**REPORT AND RECOMMENDATION** |

On February 25, 2010, Sam Malkandi ("petitioner"), proceeding through counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his continued detention by the U.S. Immigration and Customs Enforcement ("ICE"). (Dkt. 34.) On May 12, 2010, however, respondents filed a Motion to Supplement Return and Motion to Dismiss, along with documentation indicating that on May 4, 2010, petitioner was removed from the United States. (Dkt. 43, Ex. A.) Respondents assert that because petitioner is no longer detained by ICE, his habeas petition should be dismissed as moot. *Id*.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d)(1), Eric Holder, Attorney General of the United States, and Janet Napolitano, Secretary of the United States Department of Homeland Security, are automatically substituted as respondents in this case.

REPORT AND RECOMMENDATION- 1

For a federal court to have jurisdiction, "an actual controversy must exist at all stages of the litigation." *Biodiversity Legal Foundation v. Badgley*, 309 F.3d 1166, 1173 (9th Cir. 2002). "When a controversy no longer exists, the case is moot." *Id*. Because petitioner is no longer detained by ICE, the Court finds that petitioner's habeas petition should be dismissed as moot. *See, e.g., Cooney v. Edwards*, 971 F.2d 345, 346 (9th Cir. 1992) (holding that the District Court properly dismissed plaintiff's claims that had become either moot or unripe). Accordingly, I recommend that this action be dismissed. A proposed Order accompanies this Report and Recommendation.

DATED this 21 day of June, 2010.

/s/ BAT

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION- 2